## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAMALA MCCREA,<br><br>               *Plaintiff*,<br><br>       v.<br><br>ANDREW SAUL,<br><br>               *Defendant*. | Civil Action No. 17-2207 (TJK/DAR) |

## <u>MEMORANDUM OPINION</u>

Tamala McCrea applied for Social Security disability insurance benefits in 2014.  After the Social Security Commissioner denied her application, she requested a hearing before an Administrative Law Judge, who agreed that McCrea was not disabled.  The Commissioner adopted that decision after another administrative appeal, and McCrea, proceeding *pro se*, sought judicial review by filing the instant action.  The Court referred the case to Magistrate Judge Deborah A. Robinson, whose report recommended granting the Commissioner's motion to affirm its decision and denying McCrea's motion to reverse.  McCrea filed a document that the Court construes as an objection.  Upon consideration of the entire record, the Report and Recommendation, McCrea's objection, and the Commissioner's response, the Court will adopt the Report and Recommendation in part, grant the Commissioner's motion for judgment of affirmance because his decision denying disability insurance benefits was supported by substantial evidence, and deny McCrea's motion for judgment of reversal.

## I.   Background

McCrea applied for disability insurance benefits (DIB) in 2014 due to sciatica, pain in her right knee and hand, a torn tendon in her right hand, cataracts, tinnitus, and cervical spondylosis. Administrative Record (AR), ECF Nos. 8 through 8-8, at 85, 135.  The Commissioner found she was not "disabled" or entitled to benefits, *id.* at 85, meaning she lacked a "physical or mental impairment or impairments . . . of such severity" that she was "not only unable to do [her] previous work but" unable, "considering [her] age, education, and work experience," to "engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(1)(A).  McCrea filed a request for reconsideration that was denied in 2015, AR at 84, after which she requested a hearing before an Administrative Law Judge (ALJ).

The Commissioner has established a five-step sequential process for assessing an applicant's alleged disability.  *See* 20 C.F.R. § 404.1520.  First, the applicant must show that she is not engaged in "substantial gainful" work.  *Id.* § 404.1520(b).  Second, an applicant must prove that she has a "severe impairment" that "significantly limits [her] physical or mental ability to do basic work activities."  *Id.* § 404.1520(c).  Third, if the applicant suffers from an impairment that meets or equals a listed impairment, she is deemed disabled.  *Id*. § 404.1520(d). If the applicant does not satisfy the third step, the evaluation proceeds to the fourth step and the Commissioner assesses the applicant's residual functional capacity, which reflects what she can still do despite her limitations.  *Id.* § 404.1520(e).  After the Commissioner assesses this capacity, the fourth step requires the applicant to show that she has an impairment that prevents her from performing her "past relevant work."  *Id.* §§ 404.1520(e)–(f).  If the applicant carries her burden on the first four steps, at step five, the burden shifts to the Commissioner to demonstrate that the applicant is able to perform "other work" after considering her residual

functional capacity, age, education and work experience.  *Id.* § 404.1520(g).  If the applicant
cannot perform "other work," she is deemed disabled.

Reviewing McCrea's medical records, her testimony, the testimony of a vocational
expert, and other evidence, the ALJ found that McCrea was not disabled at step five because she
retained the residual functional capacity to perform work readily available in the national
economy, including jobs such as office helper, inspector, and pre-assembler of printed circuit
boards.  *Id.* at 14–31.  McCrea requested review of the ALJ's decision by the Social Security
Appeals Council, *id.* at 131.  The Council denied her request, at which point the Commissioner
adopted the ALJ's not-disabled decision.  *Id.* at 1–6.

Shortly thereafter, in October 2017, McCrea brought this action against the Social
Security Commissioner, ECF No. 1, and the Court referred the case to Magistrate Judge
Robinson for preparation of a report and recommendation resolving the parties' anticipated
dispositive motions, ECF No. 9.[1]  McCrea moved for judgment of reversal, ECF No. 15, by
raising issues unrelated to Social Security benefits, including her right to "Virginia Workers'
Compensation" and a claim for "Wrongful Termination of Employment."  *Id.* at 1, 3.  The
Commissioner opposed her motion and moved to affirm, arguing that (1) substantial evidence in
the record supported the Commissioner's determination; (2) the additional evidence McCrea
submitted did not warrant remand under 42 U.S.C. § 405(g); and (3) the Court lacked jurisdiction
to consider McCrea's non-Social Security claims.  ECF No. 16 at 3–4; ECF No. 17 at 1–2.
Magistrate Judge Robinson recommended granting the Commissioner's motion and denying
McCrea's for the latter two reasons.  ECF No. 28 ("R&R").  Magistrate Judge Robinson

---

[1] Defendant Andrew Saul, who assumed office as the Social Security Commissioner in June
2019, is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

instructed McCrea to file an objection within fourteen days of the Report, "specifically identify[ing] the portions of the findings and recommendations to which objection is made, and the basis of each such objection."  ECF No. 28 at 8.  Instead, McCrea filed a "Motion for Review" with the "US Court of Appeals for the Federal Circuit of the District of Columbia," ECF No. 29, without identifying any findings with which she disagrees.  Months later, the United States Court of Appeals for the District of Columbia Circuit issued a per curiam order dismissing McCrea's appeal because Magistrate Judge Robinson's recommendation was not an appealable final decision.  *McCrea v. Social Security Commissioner*, No. 19-5266 (D.C. Cir. April 7, 2020).

## II.    Legal Standard

Under Federal Rule of Civil Procedure 72(b), once a magistrate judge has entered her recommended disposition, a party may file specific written objections.  The district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see, e.g.*, *Winston & Strawn LLP v. FDIC*, 841 F. Supp. 2d 225, 228 (D.D.C. 2012).  The district court may then "accept, reject, or modify the recommended disposition."  Fed. R. Civ. P. 72(b)(2)–(3); LCvR 72.3(b)–(c).  When objecting to a report and recommendation, "the parties may not present new issues or arguments to the district judge; rather, only those issues that the parties have raised in their objections to the Magistrate Judge's report will be reviewed by this court."  *M.O. v. D.C.*, 20 F. Supp. 3d 31, 37 (D.D.C. Sept. 30, 2013) (internal quotation marks and citation omitted).  "And 'when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'"  *Id.* (quoting *Alaimo v. Bd. of Educ. of the Tri–Valley Cent. Sch. Dist.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009); *see also Wu Xiaofeng v. Pompeo*,

No. 15-CV-1040 (EGS), 2019 WL 1697868, at *5 (D.D.C. Apr. 17, 2019) (applying same standard of review to *pro se* plaintiff).

In civil suits challenging the Commissioner's final decision, *see* 42 U.S.C. § 405(g), it is not the Court's role to determine if the plaintiff is disabled, but whether the Commissioner's decision "is based on substantial evidence in the record and correctly applies the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004). McCrea bears the burden of proof in challenging the decision. *Crawford v. Barnart*, 556 F. Supp. 2d 49, 51 (D.D.C. 2008); *McCraw v. Berryhill*, No. 17-1011 (RC), 2019 WL 4222703 at * (D.D.C. Sept. 5, 2019). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "highly deferential to the agency fact-finder." *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008).

While the Court may affirm, modify, or reverse the Commissioner's decision based "upon the pleadings and transcript of the record," McCrea can append the record "at any time" for further consideration by the Commissioner on remand. 42 U.S.C. § 405(g). To do so, she must show "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record" in the ALJ hearing. *Id.*

III.   **Analysis**

The Court construes McCrea's "Motion for Review," ECF No. 29, as an objection to Magistrate Judge Robinson's Report and Recommendation. However, her nearly indecipherable filing does not present specific findings to which she objects and otherwise appears to reiterate

5

issues already considered and rejected by Magistrate Judge Robinson.[2]  The Court therefore reviews the Report and Recommendation for clear error and adopts it in part, insofar as it concludes that the additional evidence submitted by McCrea does not warrant remand, and that, ultimately, McCrea's motion for judgment of reversal should be denied and the Commissioner's motion for judgment of affirmance should be granted.

The Court's adoption of the Report and Recommendation's conclusions about the ultimate disposition of McCrea's and the Commissioner's motions is based in part on the Court's own review of the entire record, and the Court's own conclusion that the ALJ's not-disabled determination was based on substantial evidence in the record and a correct application of the law.[3]

After reviewing McCrea's medical records, her testimony, the testimony of a vocational expert, and other evidence, the ALJ determined that McCrea was not disabled because she had the residual functional capacity to complete light work, as defined in 20 C.F.R. § 404.1567(b), and to make "a successful adjustment to other work that existed in significant numbers in the national economy."  AR at 14, 20–27.  The "Court's role is not to reweigh the evidence and 'replace the Secretary's judgment concerning the weight and validity of the evidence with its own.'"  *Chevalier v. Shalala*, 874 F. Supp. 2, 3 (D.D.C. 1994) (quoting *Davis v. Heckler*, 566 F. Supp. 1193, 1195 (D.D.C. 1983)).  And the Court holds, upon a review of the entire record, that the evidence is more than adequate to support the Commissioner's judgment that McCrea was not disabled, and that the Commissioner applied the correct legal standards.  Indeed,

---

[2] Although filings by *pro se* litigants are afforded leniency, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), that leniency is not a license to ignore the Federal Rules of Civil Procedure.  *Moore v. Agency for Intern'l Dev't*, 994 F.2d 874, 876 (D.C. Cir. 1993).

[3] In her Report and Recommendation, Magistrate Judge Robinson did not undertake this analysis.

evidence that McCrea had the residual function capacity to perform light work—so long as she avoided standing for too long, exposure to environmental pollutants, high reaching or constant gripping with her right arm and hand, and complex tasks—is present throughout her complaints and reported activities, diagnostic tests, treatment records, and examinations at the Department of Veterans Affairs, as well as a consultative examiner's report and McCrea's primary care physician's letter and opinion.  *See* AR at 20–27.  And a vocational expert testified that such capacity would allow McCrea to perform jobs like office helper, inspector, and pre-assembler of printed circuit boards.  *Id.* at 55–58.  For the same reasons, McCrea has not met her burden of showing that the Commissioner's not-disabled determination was deficient.

In addition, as Magistrate Judge Robinson found, the extra-record evidence McCrea references in both her motion and her subsequent filings provides this Court no basis for remand to the Commissioner.  McCrea attached 100 pages of documentation to her motion, ECF No. 15-1; over 30 pages to her subsequent filings, ECF No. 19 at 10–22, ECF No. 21 at 5–11, ECF No. 21-1, ECF No. 23 at 5–13, ECF No. 26 at 6–9, ECF No. 27 at 4; and an additional 16 pages to her objection, ECF No. 29 at 3–18.  McCrea has made no showing that this evidence is "new" or "material" or that there is "good cause for the failure to incorporate such evidence into the record" in the ALJ hearing.  42 U.S.C. § 405(g).  Indeed, as the Commissioner explains, most of the evidence is duplicative of evidence considered by the ALJ or pertains to unrelated legal claims.[4]  *See* ECF No. 16 at 20–23; ECF No. 20 at 2–5; ECF No. 22 at 3–5; ECF No. 24 at 2 n.1; ECF No. 30 at 4–5.

---

[4] The Court need not, and does not, adopt Magistrate Judge Robinson's conclusion that the Court lacks jurisdiction to resolve whatever non-Social Security claims McCrea advances in her complaint, ECF No. 1, her motion for judgment of reversal, ECF No. 15, or elsewhere in her filings or documents attached to them, including her objection.  *See* R&R at 7 n.2; ECF No. 29. None of these claims affect the Court's conclusion that the Commissioner's decision was

For all the above reasons, the Court will adopt the Report and Recommendation in part, grant the Commissioner's motion for judgment of affirmance because his decision denying disability insurance benefits was supported by substantial evidence, and deny McCrea's motion for judgment of reversal.   A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: June 19, 2020

---

supported by substantial evidence and a correct application of the law.  To the extent that McCrea asserts non-Social Security claims in the filings and documents referenced above, they are dismissed without prejudice, *sua sponte*, for failure to provide a "short and plain statement" explaining why she is entitled to relief.  *See Brown v. WMATA*, 164 F. Supp. 3d. 33, 34-35 (D.D.C. 2016).